UNITED  STATES  DISTRICT  COURT          SOUTHERN  DISTRICT OF  TEXAS

| | | |
|---|---|---|
| NBA Construction and Remodeling, | § § § § | |
| Plaintiff, | | |
| versus | § § | Civil Action H-08-1048 |
| Markel Corporation, | § § § § | |
| Defendant. | | |

## Opinion on Summary Judgment

1.      *Introduction.*

     An insurer denies a construction company coverage.  The insured says the carrier breached its policy by not defending and indemnifying it.  The insurer wins.

2.      *Background.*

     In October 2000, a car-care business hired NBA to construct a building with service bays for West Bahn Auto Care.  NBA hired R&S Concrete to pour the building's foundation.  Long after completion of the construction, the foundation cracked.  West Bahn sued NBA for breach of contract.  They arbitrated.

     Markel Corporation does business as Essex Insurance Company.  Essex insured NBA.  NBA sought indemnity it for the arbitration.  Essex denied coverage.

     West Bahn was awarded $151,925 against NBA.  NBA says that Essex was obliged to defend it in the arbitration and that Essex should indemnify it for the costs of repair – $146,184.  Essex says that its policy excludes coverage for NBA's own work.  NBA moves for summary judgment on liability.

3.      *Standards.*

     An insurer's duty to defend is limited to the facts pleaded and the insurance policy.  *See Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 829 (Tex. 1997).  The insurer has no

duty to defend  the insured's assertion of numerous legal theories – without facts that define a transaction covered by the policy's terms.

An insurer's duty to indemnify is based on the facts that establish liability, not the facts pleaded.  *See Great Am. Ins. Co. v. Calli Homes*, 236 F.Supp. 693, 698 (S.D. Tex. 2002).

4.     *Pleadings.*

In its demand for arbitration, West Bahn strung together recovery under legal theories of construction defects, breach of contract, violations of the Texas Deceptive Trade Practices Act, fraud, misrepresentation, negligence, unjust enrichment, and breach of warranty.    *See* Def.'s Ex. E.  These legal postures all arise from the single event whose facts were pleaded; West Bahn pleaded facts of NBA's building a foundation poorly.  The correct legal theories are, at best, a breach of the warranty of workmanlike performance or plain breach of express contract.

5.     *Policy.*

Essex covers NBA for property damage.  Property damage is "physical injury to tangible property, including all resulting loss of use of that property."  *See* Def.'s Ex. A 4, 18.  NBA would have damaged West Bahn's property if it had backed a crane into West Bahn's existing buildings.

West Bahn claimed that NBA was liable to it for the costs of correcting NBA's faulty construction.  This is parallel to a claim for buyer-supplied corrections to a machine bought from a distant seller that arrives with a missing component.  The demand for reimbursement for the cost to bring the machine up to the specifications in the purchase contract is not a claim for property damage.

6.     *Details.*

The policy does not cover this event – occurrence, in insurance – because it is indisputably not property damage as understood by carriers and lawyers.  Other claims will be addressed contingently.

A.      *Exclusion j.*

Exclusion j(6)applies to property that must be repaired or replaced because the insured's work is incorrect.  *See* Def.'s Ex. A 8, Exclusion 2.j(6).  Faulty work is excluded from coverage.

The last paragraph of this exclusion contains an exception.  It says that "products-completed operations hazard" is covered by the policy.  *Id.* at 8.  By definition, the insured's completed work falls within coverage if it damages someone's *other* property.  *Id.* at 18.

This exception, however, is deleted from NBA's policy by the Contractor Limitation Endorsement M/E-043.  *See* Def.'s Ex. A 27.  With the endorsement, the policy reverts to excluding coverage for faulty work, irrespective of when it was done.

B.      *Exclusion l.*

Exclusion *l* applies to damage that occurred after work was already complete.  The last paragraph of this exclusion contains an exception.  It says work done by a subcontractor is covered by the policy.  *Id.* Exclusion 2.l; at 8.

Endorsement M/E-043 deletes this exception.  When read with the endorsement, NBA's policy excludes coverage for work that is already complete, regardless of whether NBA or a subcontractor did it.

7.      *Comparison.*

Because NBA's work was wrong, the foundation it built cracked.  NBA's faulty work is not property damage and is excluded from the policy.  Even if the foundation were property damage, the policy excludes it from coverage because the work and the foundation was already complete when it cracked.

8.      *Typographical Error.*

NBA insists that a typographical error in the policy delivered to it changes the endorsement.  The endorsement delivered to NBA says:

> The <u>last</u> paragraph of *exclusions*:
> 1. i.  *Damage to Property*, and
> 2. j.  *Damage to Your Work*
> are deleted in their entirety.

(emphasis original).  *See* Pl.'s Ex. A 22.

Despite the error that assigns "i" instead of "l" to the exclusion for damage to property, the endorsement is susceptible to only one reading.  In the endorsement, exclusion*l* addresses the insured's work and i addresses property damage by war.  *Id*. at 7.  Essex and NBA did not delete the last paragraph of the war exclusion because NBA only paid a premium for commercial general liability coverage.  NBA and Essex intended the endorsement to delete the last paragraph to exclusion *l*.  This would exclude coverage for work done by a subcontractor.

Even if the exclusion for work did apply, Essex would not cover the cracked foundation because it is not property damage.

9.      *Conclusion.*

When the allegations in the claim are compared to *all* the terms, exclusions, and endorsements in the policy, Essex does not have a duty to defend or indemnify.  NBA will take nothing from Essex.

Signed on August 18, 2008, at Houston, Texas.


_____
                Lynn N. Hughes
            United States District Judge